IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BAXA CORPORATION,                §
                                 §
      Plaintiff-counterdefendant,§
                                 §  Civil Action No. 3:05-CV-2274-D
VS.                              §
                                 §
FORHEALTH TECHNOLOGIES, INC.,    §
                                 §
      Defendant-counterplaintiff.§

MEMORANDUM OPINION
AND ORDER

      In this patent infringement action, defendant-counterplaintiff

ForHealth Technologies, Inc. ("ForHealth") moves to stay the case

pending a patent reexamination by the United States Patent and

Trademark Office ("PTO") or, alternatively, to transfer the case to

the Middle District of Florida, Orlando Division, under 28 U.S.C.

§ 1404(a) for the convenience of the parties and witnesses.  For

the reasons that follow, the court does not reach the motion to

stay, and it grants the motion to transfer.

I

      Plaintiff-counterdefendant Baxa Corporation ("Baxa"), a

Colorado corporation with its principal place of business in

Colorado, sues ForHealth, a Delaware corporation with its principal

place of business in Florida, alleging that it is liable for

infringing three United States patents that relate to methods,

systems, and/or apparatus for labeling, handling, filling, and/or

capping syringes or syringe bodies.[1]  ForHealth moves to stay this action pending completion by the PTO of a reexamination of the patents-in-suit.  ForHealth maintains that the reexamination may narrow, if not moot entirely, this lawsuit, and that the court and the parties will benefit from the PTO's consideration of the question of invalidity in view of prior art references. Alternatively, ForHealth moves to transfer this case to the Middle District of Florida, Orlando Division, pursuant to § 1404(a).[2]

II

Although ForHealth presents its motion to transfer in the alternative to its motion to stay, the court will decide the motion to transfer before addressing the stay motion.  First, the court is aware of no rule or doctrine—and the parties appear to have cited none—that requires that this type of stay motion be addressed before a transfer motion is decided.  Second, the court in which this case will be litigated should have the opportunity to decide whether the lawsuit should be stayed.  Third, if this court were to

---

[1]In a motion for leave to amend that was filed February 2, 2006 and need not be decided, Baxa seeks to amend its complaint to allege infringement of a fourth patent.

[2]On March 13, 2006 ForHealth filed a motion requesting a five-page extension of the length of its reply brief.  Because the motion presents a question that is within the court's discretion, the court grants the motion without awaiting a response from Baxa. Additionally, the relief requested is to some extent moot, because the court is only considering the alternative motion to transfer, the specific briefing for which covers just over four pages in the reply brief.

grant the stay, await a patent reexamination that, once concluded, did not moot the entire case, and then decide that the case should be transferred, the transferee court and the parties might be saddled with undue delay that the transferee court would not have allowed to occur in the first place.

### III

Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[3] "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)).

When deciding a motion to transfer under § 1404(a)

> [t]he court considers several factors in their totality, including (1) plaintiff's choice of forum; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the relative congestion of the courts' dockets; (6) the accessibility of the premises to jury view; (7) the relation of the community in which courts and the jurors are required to serve to the occurrence giving

---

[3]It is undisputed that this case could have been brought in the Middle District of Florida.

- 3 -

rise to the suit; and (8) the time, cost, and
ease with which the trial can be conducted,
and all other practical considerations
relative to the trial and determination of the
case.

*Id.* at 811-12 (citing *Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp.
1400, 1401 (E.D. Tex. 1986); *Greiner v. Am. Motor Sales Corp.*, 645
F. Supp. 277, 278 (E.D. Tex. 1986)).

"The moving parties bear the burden of proving by a
preponderance of the evidence that transfer is appropriate. This
requires a particularized showing regarding why transfer is
necessary, including identification of key witnesses and the
general content of their testimony."  *Id.* at 812 (citations
omitted).

IV

The court now considers the factors that guide its decision.

A

The first factor is plaintiff's choice of forum. This choice
is usually entitled to substantial weight and should be highly
esteemed. *Id.*  This preference, however, is not absolute. First,
"the weight to be accorded may be diminished when a plaintiff
brings suit outside his home forum[.]" *Kettler v. Presstek, Inc.*,
2003 WL 21788870, at *2 (N.D. Tex. July 31, 2003) (Fitzwater, J.)
(citing *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.*, 685
F. Supp. 346, 349 (S.D.N.Y. 1988)).  Second, "the plaintiff's
choice of forum has reduced significance where most of the

- 4 -

operative facts occurred outside the district." *Minka Lighting, Inc. v. Trans Globe Imps., Inc.*, 2003 WL 21251684, at *1 (N.D. Tex. May 23, 2003) (Fish, C.J.) (citing *Lindloff v. Schenectady Int'l*, 950 F. Supp. 183, 185 (E.D. Tex. 1996); *Robertson v. Kiamichi R.R. Co.*, 42 F.Supp.2d 651, 656 (E.D. Tex. 1999)).  Third, "[i]n a patent infringement action, the preferred forum is that which is the center of gravity of the accused activity." *Id.* at *3 (citing *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1187-88 (N.D. Ill.1983)).

> In finding that center of gravity, a district court should consider the location of a product's development, testing, research, and production.  Additionally, a court should consider the place where the marketing and sales decisions occurred, not just the location of any particular sales activity.  The location of the alleged infringer's principal place of business, therefore, is often the critical and controlling consideration in adjudicating a motion to transfer venue.

*Id.* (citations omitted).

     In this case, Baxa's home forum is the District of Colorado. Additionally, the center of gravity of the accused activity is not located in this district.  The development, testing, research, and production of the accused product occurs in Florida.  Marketing and sales decisions are made in Florida and Michigan.  The location of ForHealth's principal place of business is Florida.  Baxa maintains that it selected this forum in part due to the installation of the IntelliFill i.v. at Children's Medical Center ("CMC"), which is

- 5 -

located in Dallas and which Baxa alleges was ForHealth's first infringing sale. It also posits that CMC's Director of Pharmacy is one of IntelliFill i.v.'s most vocal advocates and that ForHealth maintains a regional office in Dallas. And it maintains that the majority of its claims are method claims, the primary witnesses are individuals who have knowledge of the practice of the methods, and third-party witnesses, including CMC's Director of Pharmacy, are essential to this litigation.

The court holds that the first factor weighs in favor of transferring the case to Florida. Texas is not Baxa's home forum, Baxa alleges that infringing conduct occurred in Texas and elsewhere in the United States, and the center of gravity of the accused activity is Florida. Baxa points to CMC as ForHealth's first infringing sale and the home of one of IntelliFill i.v.'s most vocal advocates, but it does not assert that ForHealth's infringing conduct occurred primarily in this district. ForHealth has established that, to date, only a single sale of IntelliFill i.v. occurred in Texas. *See* D. App. 73. ForHealth's "regional office" in Dallas consists of one sales manager who works from her home. ForHealth only employs one other employee in Texas, a field service manager. *Id.* Moreover, in the court's experience litigating patent cases, the primary witnesses are employees of the parties and their experts, not third party witnesses.

B

The court next considers the availability of compulsory process for the attendance of unwilling witnesses. The parties agree that this factor is neutral, *see* D. Br. 15; P. Br. 15, and the court need not address it in detail.

C

The third factor is the cost of obtaining the attendance of willing witnesses.

"The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue. However, it is the convenience of the non-party witnesses that is accorded the greatest weight." *Minka Lighting*, 2003 WL 21251684, at *2 (citations omitted). ForHealth must identify the "key witnesses and the general content of their testimony." *Bank One*, 211 F.Supp.2d at 812 (citations omitted).

ForHealth posits that all its witnesses currently reside outside this forum and predominantly in Florida. It identifies four key employee witnesses, three of whom reside in Florida and one of whom resides in Michigan. It also identifies the general content of their relevant "knowledge," *see* D. App. 74-75, which the court assumes represents the general content of their "testimony." The hard costs of attendance (e.g., travel, subsistence, and lodging) that it cites are comparatively modest, especially for patent litigation. But ForHealth also relies on

- 7 -

what it terms the "immeasurable" "true cost," which it says consists of inconvenience to the witnesses and the disruption to a small business caused by having critical employees tied up in trial more than 1,100 miles from the company's place of business. ForHealth contends that Baxa will not suffer any greater inconvenience by litigating the case in Florida than in Texas, both venues outside its home forum.

Baxa responds that the difference in terms of cost and convenience of traveling between Denver and Dallas and between Denver and Orlando is significantly more favorable. And it estimates that the difference in cost is such that granting ForHealth's motion would have the impermissible effect, which this court has recognized, of shifting the burden of trial from one party to the other. *See Bank One*, 211 F.Supp.2d at 812. Baxa also maintains that ForHealth has overlooked the cost of transporting two employees from Dallas to Orlando, so the net difference in travel cost is only one employee.

The court holds that this factor does not favor transferring the case. While it is true that many of Baxa's witnesses must travel whether the case is located in Texas or Florida, ForHealth has identified only four witnesses that it contends would be inconvenienced. One must travel from Michigan, regardless whether the case is located in Texas or in Florida. The other three witnesses are ForHealth employees. The so-called "hard costs" of

- 8 -

obtaining their attendance are relatively modest.  And ForHealth

has not demonstrated that the so-called "true cost" warrants

transferring the case.  It has simply identified the witnesses by

name and title, described their general areas of knowledge,

asserted that ForHealth is a small company, and averred that their

absence from  Florida will inconvenience them and disrupt

business.[4]

D

The fourth and fifth factors consider the accessibility and

location of sources of proof and the relative congestion of the

courts' dockets.  ForHealth asserts that the fourth factor probably

does not materially impact transfer, D. Br. 16, and that the fifth

---

[4]Although the court finds that this factor does not favor
transferring the case, it concludes *infra* at § IV(F), when
considering the time, cost, and ease with which the trial can be
conducted, and all other practical considerations relative to the
trial and determination of the case, that the location of
ForHealth's witnesses favors transferring the case.  These two
findings are not inconsistent.  The fourth factor considers the
cost of obtaining the attendance of willing witnesses, and the
court concludes that the cost to ForHealth does not warrant
transferring the case.  The eighth factor takes account of the
time, cost, and ease with which the trial can be conducted, and all
other practical considerations relative to the trial and
determination of the case.  There the court finds that the case
should be tried either in Colorado or Florida, but that because
Baxa has chosen not to file suit in its home forum of Colorado,
that leaves Florida as the preferred choice, because at least the
convenience of ForHealth and its witnesses will be promoted.  In
other words, ForHealth has not shown that the cost of obtaining the
attendance of willing witnesses favors a transfer, but it has
established that, if the case is to be litigated outside Colorado,
it is more conveniently litigated in Florida versus Texas.

factor is neutral, *id.* at 17.  Baxa agrees that these factors are neutral.  P. Br. 16.  The court need not address them in detail.

E

The sixth factor is the accessibility of the premises to jury view.  ForHealth points to the logistics of demonstrating the IntelliFill i.v., a piece of equipment that weights 2,700 lbs., should a jury view be required.  It concedes that the equipment is also located in Dallas, but it maintains that it is not accessible because of its location in a hospital pharmacy.  Baxa responds that most of the claims at issue are method claims, that the availability of the apparatus is of little significance, and that ForHealth has produced a video that shows the operation of the device and the methods that Baxa contends are practiced by the invention.

Because it would be rare for this court to conduct a jury view, and a video of the IntelliFill i.v. in operation can be shown to a jury in this court or in the transferee court, this factor weighs against a transfer.

F

The seventh and eighth factors are the relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit, and the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of the case.

- 10 -

ForHealth contends that Texas has no compelling connection or public interest in having this controversy decided here because neither party is a Texas corporation and neither has its principal place of business here; the activities that are alleged to constitute patent infringement occurred primarily outside Texas; and ForHealth's principal place of business is located in Florida, where it employs numerous employees.[5]  Concerning the time, cost, and ease with which the trial can be conducted, ForHealth posits that substantially all potential witnesses reside in Florida, the overall cost and inconvenience of bringing its witnesses to Texas would be decreased if the trial were conducted in Florida, and Baxa's burden of trial outside its home forum of Colorado would be the same whether the trial is held in Texas or Florida.

Baxa responds that Texas has a connection to the case because one of the first and most active infringing uses took place in Texas at CMC.  It reasons that Texas has a compelling connection and public interest in the activities at CMC, considering the positive impact that ForHealth's use of the accused product and method have had at that facility.  Baxa characterizes CMC as ForHealth's "flagship" installation and contends that this court is the only one that can compel testimony from individuals at the facility who engaged in the actual performance of activities that

_____

[5]This reference to "numerous employees" is somewhat incongruous with its earlier self-characterization as a "small business."  *Compare* D. Br. 16 *with id.* at 18.

infringe the method claims of the patents-in-suit.  It concludes by arguing that the court should not transfer the case when doing so would simply shift the burden from one party to the other.

The court holds that these factors favor transferring the case to Florida.  This court and the jurors who are required to serve have comparatively little relation to the occurrence giving rise to the suit.  Baxa is headquartered in Colorado, ForHealth in Florida. Although Baxa alleges that ForHealth's device at CMC infringes the patents-in-suit and that this is ForHealth's first and its "flagship" installation, this does not justify retaining jurisdiction here.  ForHealth is accused of infringement in this district and elsewhere in the United States, and the center of gravity of the accused activity is Florida.

As to the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of the case, this case should be tried either in Colorado or Florida, but not at what appears to be a somewhat arbitrary geographical midpoint based on the locus of ForHealth's first allegedly infringing sale.  And since Baxa chose not to invoke its home forum of Colorado, that leaves Florida as the preferred choice.  With the Middle District of Florida as the forum, at least the convenience of ForHealth and its witnesses will be promoted.

V

Having weighed the factors together, the court finds, for the convenience of the parties and witnesses and in the interest of justice, that this case should be transferred. Baxa has opted to bring suit outside its home forum, Florida is the center of gravity, Texas has comparatively little connection to the case, and, as between Texas and Florida, conducting the litigation in Florida will at least promote the convenience of ForHealth and its witnesses.

*      *      *

ForHealth's motion to transfer is granted, and this case is transferred to the Middle District of Florida, Orlando Division. The clerk of court shall effect the transfer according to the usual procedure. Because that court should have the opportunity to decide whether the case should be stayed pending the PTO's reexamination of the patents-in-suit, the court does not reach ForHealth's motion to stay.[6]

**SO ORDERED.**

March 15, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

_____

[6]The court does not reach the other pending motions in this case. Those motions must be presented to the transferee court.

- 13 -